


#F30U007889

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **3- 23 CV2162-S** |
| *ex rel*. [UNDER SEAL], | |
| Plaintiff, | **QUI TAM COMPLAINT** |
| v. | **FILED UNDER SEAL**<br>**UNDER 31 U.S.C. § 3730(b)(2)** |
| [UNDER SEAL], | |
| Defendants. | **JURY TRIAL DEMANDED** |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. AIDAN FORSYTH, <br><br> Plaintiff-Relator, <br><br> v. <br><br> SPEED FAB-CRETE CORPORATION, CARL EUGENE HALL, RONALD ALAN HAMM, and DAVID LEON BLOXOM, <br><br> Defendants. | Case No. _____ <br><br> **QUI TAM COMPLAINT** <br><br> **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** <br><br> **JURY TRIAL DEMANDED** |

On behalf of the United States of America (the "United States" or the "Government"), Plaintiff and Relator Aidan Forsyth ("Relator") files this *qui tam* action against Defendants Speed Fab-Crete Corporation ("SFCC"), Carl Eugene Hall, Ronald Alan Hamm, and David Leon Bloxom (the "Individual Defendants") (together, "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action to recover treble damages, civil penalties and all other remedies on behalf of the United States of America in connection with the Defendants' materially false and fraudulent applications to the Government for loans under the Paycheck Protection Program ("PPP"), in violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "FCA").

2. Pursuant to the FCA, Relator seeks to recover, on behalf of the United States of America, damages and civil penalties arising from false or fraudulent claims for payment that Defendants submitted or caused to be submitted to the Federal Government-funded and/or subsidized PPP loan program.

## SUMMARY OF ALLEGATIONS

3.      Defendants Hall, Hamm and Bloxom at all relevant times were the owners and principals of Defendant SFCC.

4.      Upon information and belief, Hall, Hamm and Bloxom at all relevant times had a 20% or greater equity interest in SFCC.

5.      SFCC, a business based in Kennedale, Texas, designs and constructs buildings using precast concrete.

6.      In or about December 2019, Hall, Hamm, Bloxom and two other SFCC executives were charged by Information in this District on one count of felony conspiracy to unlawfully harbor illegal aliens and one misdemeanor count alleging unlawful employment of aliens.

7.      In or about January 2020, Hall pled guilty to the felony count, and Hamm and Bloxom pled guilty to the misdemeanor count.  In or about July 2020, Hall was sentenced to six months' imprisonment to be followed by one year of supervised release, plus a fine.  Also in or about July 2020, Hamm was sentenced to four months' imprisonment.  In or about September 2020, Bloxom was sentenced to two months' imprisonment.

8.      In or about April 2020, during the pendency of these criminal proceedings,  SFCC submitted a Small Business Administration ("SBA") applications for a PPP loan.  In or about January 2021, while these criminal proceedings continued, SFCC applied for a second PPP loan. These loans were issued.

9.      In or about 2020 and 2021, SFCC sought and obtained forgiveness of the PPP loans.

1

10. Upon information and belief, the Individual Defendants prepared or caused to be prepared the loan applications as SFCC's authorized representative.

11. In the applications, Defendants falsely stated and certified that no owner of the Corporate Defendant with an equity interest of more than 20 percent was currently subject to criminal charges nor had within the last five years been convicted of a felony and/or a felony involving fraud. They also expressly acknowledged that this was a material question, and that submitting a materially false application would violate federal law.

12. In reliance on these false statements and certifications, one or more lenders extended PPP loans to SFCC totaling over $2.3 million.

13. In further reliance on Defendants' false statements and certifications, the lender forgave the PPP loans, the reimbursement for which cost the United States over $2.3 million.

14. Relator files this *qui tam* lawsuit to enable the Government to recover from Defendants the SBA-guaranteed and forgiven monies that were provided to Defendants as the result of their wrongdoing, bank fees and costs paid by the Government, as well as to recover treble damages and/or penalties.

## JURISDICTION, VENUE, AND SPECIAL REQUIREMENTS

15. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, under 31 U.S.C. § 3729 of the False Claims Act, and under 28 U.S.C. § 1345, which provides the United States District Courts with original jurisdiction over all civil actions commenced by the United States of America.

16. In addition, the FCA specifically confers jurisdiction upon the United States District Courts under 31 U.S.C. § 3732. This Court has personal jurisdiction over the

2

Defendants pursuant to 31 U.S.C. § 3732(a) because the Defendants transact business in this District, and because the PPP Loan application was prepared in, executed in, and/or submitted to the SBA from this District.

17.    Venue is proper in this District under 31 U.S.C. § 3732(a) because certain of the acts complained of herein occurred in this District.

18.    In accordance with 31 U.S.C. § 3730(b)(2), this Complaint has filed been filed *in camera* and will remain under seal for a period of at least 60 days and shall not be served on the Defendants until the Court so orders.

19.    Pursuant to 31 U.S.C. § 3730(b)(2), the Relator must provide the Government with a copy of the Complaint and a written disclosure of substantially all material evidence and material information in his possession contemporaneous with the filing of the Complaint. Relator has complied with this provision by serving copies of the Complaint and such disclosure upon the Honorable Leigha Simonton, United States Attorney for the Northern District of Texas, and upon the Honorable Merrick B. Garland, Attorney General of the United States.

20.    Relator is not aware that the allegations in this Complaint have been publicly disclosed.  This Court has jurisdiction under 31 U.S.C. § 3730(e)(4) because the Relator is an "original source" since he has voluntarily provided his information to Government before filing this Complaint, and has knowledge which is both direct and independent of, and materially adds to, any public disclosures to the extent they may exist.

## PARTIES

21.    Plaintiff-Relator Aidan Forsyth resides at 55 West 8th Street, New York, NY 10011.

3

22.     Defendant Speed Fab-Crete Corporation is a privately-held company incorporated in the State of Texas on or about September 18, 1963. Its principal place of business is located at 1150 East Kennedale Parkway, Kennedale, Texas 76060. SFCC designs and constructs buildings using precast concrete.

23.     Defendant Carl Eugene Hall resides at 807 Shady Bend Drive, Kennedale, Texas 76060. Upon information and belief, he has and/or at all times relevant to this Complaint had, at least a 20% equity ownership interest in SFCC.

24.     Defendant Ronald Alan Hamm resides at 2506 Vanderbilt Court, Rowlett, Texas 75088. Upon information and belief, he has and/or at all times relevant to this Complaint had, at least a 20% equity ownership interest in SFCC.

25.     Defendant David Leon Bloxom resides at 2741 River Forest Drive, Fort Worth, Texas 76116. Upon information and belief, he has and/or at all times relevant to this Complaint had, at least a 20% equity ownership interest in SFCC.

## GOVERNING LAWS, REGULATIONS, AND CODES OF CONDUCT
### The False Claims Act

26.     Originally enacted in 1863, the FCA was substantially amended in 1986 by the False Claims Amendments Act. The 1986 amendments enhanced the Government's ability to recover losses sustained as a result of fraud against the United States. Further clarifying amendments were adopted in May 2009 and March 2010.

27.     The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval;" or "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim;" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the

4

Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(A), (B), (G). Any person found to have violated these provisions or conspired to have violated these provisions is liable for a civil penalty of at least $12,357.00 and up to $25,076.00 for each such false or fraudulent claim, plus three times the amount of the damages sustained by the Government. 31 U.S.C. § 3729(a), 20 CFR Part 356 and 28 CFR Part 85 (*see* 87 FR 27513, May 9, 2022).

28.    The FCA defines the terms "knowing" and "knowingly" to mean that a person (1) "has actual knowledge of the information;" (2) "acts in deliberate ignorance of the truth or falsity of the information"; or acts "in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). The statute provides that "no proof of specific intent to defraud" is required. 31 U.S.C. § 3729(b)(1)(B).

29.    The FCA also broadly defines a "claim" as one that includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that – (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (i) provides or has provided any portion of the money or property requested or demanded; or (ii) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A).

30.    The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to bring an action on behalf of the Government and to

5

share in any recovery. The complaint must be filed under seal without service on any Defendant. The complaint remains under seal while the Government conducts an investigation of the allegations in the complaint and determines whether to intervene in the action. 31 U.S.C. § 3730(b).

31.     In this action, and under well-established precedent, the false and fraudulent nature of Defendants' conduct is informed or measured by their violation of, or failure to comply with, certain statutes and regulations material to the submission of applications for government-subsidized and/or issued small business loans.

## The CARES Act Authorizes Paycheck Protection Program Loans and Economic Injury Disaster Loans and Grants

32.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act (Pub. L. 116-136) (the "CARES Act" or the "Act") was enacted in March 2020 to provide emergency financial assistance to individuals and businesses affected by the COVID-19 pandemic. The Act provided the federal Small Business Administration ("SBA") with funding and authority to modify existing loan programs and establish a new loan program to assist small businesses adversely affected by the pandemic.

33.     Section 1102 of the CARES Act authorized the SBA to guarantee up to $349 billion in forgivable 7(a) loans to small businesses for job retention and other expenses. This program was called the Paycheck Protection Program ("PPP").  In April 2020, Congress authorized over $300 billion to additionally fund the PPP.  In June 2020, the Paycheck Protection Program Flexibility Act of 2020 (Pub. L. 116-142) was enacted which changed certain provisions of the PPP, including provisions relating to the maturity of loans, the deferral of loan payments, and loan forgiveness.

6

34.     Under the PPP, eligible businesses could obtain *one* SBA-guaranteed PPP loan. Businesses were required to spend loan proceeds for employee compensation, rent or mortgage, and other specified expenses and, depending on their use of the loan proceeds, could qualify for loan forgiveness, up to the full amount of the loan.

35.     The SBA delegated authority to third-party lenders to underwrite and approve the PPP loans. To obtain a PPP loan, a qualifying business (through its authorized representative) signed and submitted a PPP loan application (SBA Form 2483) online through the lender's application platform. The PPP loan application (SBA Form 2483) required the business (through its authorized representative) to acknowledge the PPP program rules and make certain affirmative certifications to be eligible to obtain the PPP loan.

36.     The borrower's authorized representative must certify, among other things, the business's average monthly payroll expenses and number of employees. This information is used to calculate the amount of money the business is eligible to be loaned. The applicant must also submit documentation showing payroll expenses, among other things.

37.     The PPP loan application (SBA Form 2483), Question 5 required the authorized representative to certify that no owner of the applicant (defined as a person having more than a 20% equity interest in the entity) was currently "subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole[.]"

38.     In the original version of the PPP loan application (effective April 2, 2020), Question 6 required the authorized representative to certify that no owner of the applicant had been convicted of a felony or "been placed on any form of parole or probation" within the last five years.

7

39.     In the first revised version of the PPP loan application (effective June 12, 2020),
and in all additional revisions thereafter, Question 6 required the authorized representative to
certify that no owner of the applicant had been convicted of any felony within the last year, or of
"any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or
an application for federal financial assistance" or "been placed on any form of parole or
probation" as the result of such conviction within the last five years.

40.     All versions of the application stated that if Questions 5 or 6 were answered
"Yes," the loan would not be approved.

41.     All versions of the application further required the applicant's representative to
"certify in good faith . . . that the information provided in this application and the information
provided in all supporting documents and forms is true and accurate in all material respects" and
acknowledge that "knowingly making a false statement to obtain a guaranteed loan from SBA is
punishable under the law" as a federal felony.

42.     PPP loan applications were processed by participating financial institutions,
which served as the lenders.  Data from the application, including information about the
borrower, the total amount of the loan, and the listed number of employees, were transmitted by
the lender to the SBA in the course of processing the loan.  SBA paid processing fees to lenders.

43.     Once a borrower submitted its PPP loan application to a Lender, the participating
lender processed the PPP loan application.  If a PPP loan application was approved by the
participating lender, the lender submitted the application to SBA for an SBA loan number and
after receiving that number it thereafter funded the PPP loan using its own monies, which were
100% guaranteed by the SBA.

8

44.     A borrower was required to use PPP loan proceeds only for certain permissible expenses: payroll costs, interest on mortgages, rent and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expenses within a designated period (between eight and 24 weeks from receiving the proceeds) and uses at least 60% of the proceeds for payroll expenses.

## SPECIFIC FRAUD ALLEGATIONS

### From December 2019 through Much of 2020, Hall, Hamm, and Bloxom are Defendants in Criminal Proceedings in this District

45.     On or about December 9, 2019, Hall, Hamm, Bloxom and two other SFCC executives were charged by Information in this District on one count of felony conspiracy to unlawfully harbor illegal aliens and one misdemeanor count alleging unlawful employment of aliens. *See United States v. Hall et al.*, Case No. 3-19CR-639 (N.D. Tex.) (Doc. 1).

46.     Among other things, the Information alleged that Hall conspired with Bloxom, Hamm, and other "to conceal and disguise the employment of illegal aliens at Speed Fab-Crete Corporation by placing them on the payroll of Take Charge Staffing" and that the object of this conspiracy was that Hall and others "unlawfully enriched themselves by shielding from detection 23 illegal aliens by shifting them from employees of Speed Fab-Crete to employees of Take Charge Staffing so that the 23 illegal aliens could continue their employment at Speed Fab-Crete and to avoid further scrutiny from the [Government]." *Id*. at ¶¶ 16 & 17. Accordingly, the Information charged Defendants with a felony involving fraud.

47.     On or about January 9, 2020, Hall pled guilty to the felony count. *See id.* (Docs. 28-31)

48.     On or about January 16, 2020 Bloxom pled guilty to the misdemeanor count. *See id.* (Doc. 42)

9

49.     On or about January 23, 2020, Hamm pled guilty to the misdemeanor count. *See id.* (Doc. 54)

50.     On or about July 21, 2020, Hamm was sentenced to four months' imprisonment, plus a $69,000.00 fine. *See id.* (Doc. 129)

51.     On or about July 29, 2020, Hall was sentenced to six months' imprisonment to be followed by one year of supervised release, plus a $69,000.00 fine. *See id.* (Doc. 138)

52.     On or about September 2, 2020, Bloxom was sentenced to two months' imprisonment, plus a $69,000.00 fine. *See id.* (Doc. 152)

53.     Hamm entered BOP custody on or about August 1, 2021 and was released on or about November 26, 2021.

54.     Hall entered BOP custody on or about July 26, 2021 and was released on or about January 24, 2022.

55.     Bloxom entered BOP custody on or about October 15, 2021 and was released on or about March 1, 2022.

**SFCC Applies for and Receives its First PPP Loan, which is Later Forgiven**

56.     In or about early April 2020, one or more of the Individual Defendants prepared or caused to be prepared an SBA application for a PPP loan on behalf of SFCC to Citizens National Bank of Texas, a federally-insured financial institution based in Waxahachie, Texas.

57.     On SBA Form 2483, Question 5 required the authorized representative to certify that no owner of the applicant (defined as a person having more than a 20% equity interest in the entity) was currently "subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole[.]"

10

58. On the SBA Form 2483 which was effective April 2, 2020, Question 6 required the authorized representative to certify that no owner of the applicant (defined as a person having more than a 20% equity interest in the entity) had been convicted of a felony or "been placed on any form of parole or probation" as the result of such conviction within the last five years. The application stated that if this question were answered "Yes," the loan would not be approved.

59. The application required the applicant's representative to "certify in good faith . . . that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects" and acknowledge that "knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law" as a federal felony.

60. Upon information and belief, one or more of the Individual Defendants executed or caused to be executed SFCC's PPP loan application as the company's authorized representative.

61. Upon information and belief, Defendants falsely answered or caused to be answered "No" to Questions 5 and 6 in the loan application, and initialed or caused to be initialed Questions 5 and 6 to confirm these false responses.

62. Answering "No" to Question 5 was false because in early April 2020, each of the Individual Defendants was subject to criminal charges and/or pending sentencing and/or incarceration.

63. Upon information and belief, Defendants falsely certified or caused to be certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects" while acknowledging that

11

"knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law" as a federal felony.

64.     In or about early April 2020, one or more of the Individual Defendants submitted or caused to be submitted SFCC's PPP loan application to Citizens National Bank of Texas.

65.     On or about April 6, 2020, in reliance on Defendants' materially false and fraudulent representations and certifications in the loan application, Citizens National Bank of Texas issued PPP Loan #5664767005 to SFCC in the amount of $1,176,597.50 (the "005 Loan").

66.     On or about November 3, 2020, the 005 Loan was forgiven in full, causing the United States to reimburse Citizens National Bank of Texas for the full amount plus interest, costs and fees.

### SFCC Applies for and Receives a Second PPP Loan, which is Later Forgiven

67.     In or about January 2021, one or more of the Individual Defendants prepared or caused to be prepared an SBA application for a PPP loan (using the revised SBA Form 2483 effective June 12, 2020 or later) on behalf of SFCC to Citizens National Bank of Texas.

68.     Question 5 required the authorized representative to certify that no owner of the applicant (defined as a person having more than a 20% equity interest in the entity) was currently "subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole[.]"

69.     Question 6 required the authorized representative to certify that no owner of the applicant (defined as a person having more than a 20% equity interest in the entity) had been convicted of a felony "involving fraud" or "been placed on any form of parole or probation" as

12

the result of such conviction within the last five years. The application stated that if this question were answered "Yes," the loan would not be approved.

70.     The application required the applicant's representative to "certify in good faith . . . that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects" and acknowledge that "knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law" as a federal felony.

71.     Upon information and belief, one or more of the Individual Defendants executed or caused to be executed SFCC's PPP loan application as the company's authorized representative.

72.     Upon information and belief, Defendants falsely answered or caused to be answered "No" to Questions 5 & 6 in the loan application, and initialed or caused to be initialed Questions 5 & 6 to confirm these false responses. This answer was false because at that time each of the Individual Defendants was subject to criminal charges and/or pending sentencing and/or incarceration.

73.     Upon information and belief, Defendants falsely certified or caused to be certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects" while acknowledging that "knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law" as a federal felony.

74.     In or about January 2021, Defendants submitted or caused to be submitted SFCC's PPP loan application to Citizens National Bank of Texas.

13

75.     On or about January 21, 2021, in reliance on Defendants' materially false and fraudulent representations and certifications in the loan application, Citizens National Bank of Texas issued PPP Loan #3052788301 to SFCC in the amount of $1,155,589.23 (the "301 Loan").

76.     On or about August 11, 2021, the 301 Loan was forgiven in full, causing the United States to reimburse Citizens National Bank of Texas for the full amount plus interest, costs and fees.

## THE GOVERNMENT HAS BEEN DAMAGED AS A RESULT OF DEFENDANTS' CONDUCT

77.     Defendants' materially false statements have caused the federal government to be defrauded of taxpayer funds in the approximate amount of $2.3 million.

## CLAIMS FOR RELIEF
## COUNT I
### False Claims Act:
### Presenting or Causing to be Presented False and Fraudulent Claims
### 31 U.S.C. § 3729(a)(1)(A)

78.     Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

79.     As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants have knowingly presented, and caused to be presented, false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A).

80.     As a result thereof, the United States has been damaged in an amount equal to or greater than the amount paid by the United States for such false or fraudulent claims.

14

## COUNT II
### False Claims Act:
### Making or Using False
### Records or Statement to Cause Claims to be Paid
### 31 U.S.C. § 3729(a)(1)(B)

81.     Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

82.     As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants have knowingly made, used, or caused to be made or used, false records or statements – *i.e.*, the false representations made or caused to be made by Defendants – material to false or fraudulent claims in violation of 31 U.S.C. § 3729(a)(1)(B).

83.     As a result thereof, the United States has been damaged in an amount equal to or greater than the amount paid by the United States for such false or fraudulent claims.

## COUNT III
### False Claims Act: Conspiracy
### 31 U.S.C. § 3729(a)(1)(C)

84.     Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

85.     As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants conspired with and among each other, and with others, to make or present false or fraudulent claims, and performed one or more overt acts to effect the submission and cause the payment of false or fraudulent claims.

86.     As a result thereof, the United States has been damaged in an amount equal to or greater than the amount paid by the United States for such false or fraudulent claims.

15

## PRAYER FOR RELIEF

**WHEREFORE**, Relator, on behalf of the United States Government, demands judgment against the Defendants, ordering that:

A.      That Defendants be ordered to cease and desist from submitting any more false claims, or further violating 31 U.S.C. § 3729, *et seq.*;

B.      That judgment be entered in Relator's favor and against Defendants in the amount of each and every false or fraudulent claim, multiplied as provided for in 31 U.S.C. § 3729(a), plus a civil penalty of not less than $12,357.00 or more than $25,076.00 per claim as provided by 31 U.S.C. § 3729(a), 20 CFR Part 356 and 28 CFR Part 85 (*see* 87 FR 27513, May 9, 2022), to the extent such multiplied penalties shall fairly compensate the United States of America for losses resulting from the various schemes undertaken by Defendants, together with penalties for specific claims to be identified at trial after full discovery;

C.      That Defendants be ordered to disgorge all sums by which they have been enriched unjustly by their wrongful conduct;

D.      That judgment be granted for Relator against Defendants for all costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Relator in the prosecution of this suit; and

E.      That Relator be granted such other and further relief as the Court deems just and proper.

16

## JURY DEMAND

Relator hereby demands a trial by jury as to all issues so triable.

DATE:   September 28, 2023          Respectfully submitted,

### JOHNSON LAW GROUP

By: _/s/ Jessica Glitz_____
Jessica Glitz, Esq.
2925 Richmond Avenue
Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336
Facsimile: (713) 583-9460

Eric H. Jaso (*pro hac vice* admission pending)
**SPIRO HARRISON & NELSON**
363 Bloomfield Avenue
Suite 2C
Montclair, NJ 07042
Telephone: (973) 232-0881
Facsimile: (973) 232-0887
ejaso@shnlegal.com

*Attorneys for Relator*

17

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States ex rel. Aidan Forsyth

**DEFENDANTS**

Speed Fab-Crete Corporation; Carl Eugene Hall; Ronald Alan Hamm; David Leon Bloxom

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jessica Glitz, Johnson Law Group, 2925 Richmond Avenue, Ste. 1700, Houston, TX 77098, (713)626-9336 jglitz@johnsonlawgroup.com

Attorneys *(If Known)*

SEP 28 2023

CLERK U.S. DISTRICT COURT
DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1   U.S. Government Plaintiff

[ ] 3   Federal Question
*(U.S. Government Not a Party)*

[ ] 2   U.S. Government Defendant

[ ] 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - | 690 Other | 423 Withdrawal | [X] 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | Product Liability | | 28 USC 157 | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & | 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability | 368 Asbestos Personal | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted | 340 Marine | Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | Injury | 385 Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. Sec. 3729 et. seq. (False Claims Act)
Brief description of cause:
Fraud in relation to Payroll Protection Program Loan

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
September 28, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jessica Glitz

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____