ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



FILED-USDC-NDTX-DA
'24 OCT 18 PM 12:00
KCB

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. AIDAN FORSYTH,<br><br>Plaintiff-Relator,<br><br>v.<br><br>SPEED FAB-CRETE CORPORATION, CARL EUGENE HALL, RONALD ALAN HAMM, and DAVID LEON BLOXOM,<br><br>Defendants. | Civil Action No. 3:23-CV-2162-S<br><br>**SEALED** |

## NOTICE OF INTERVENTION

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b), the government notifies the Court of its election to intervene in this action.

The government is submitting a proposed order to the Court to unseal this action going forward, and respectfully requests that all filings in this case that pre-date the filing of this notice—other than the relator's complaint—remain under seal. The False Claims Act contemplates that the relator's complaint will be unsealed upon the conclusion of the government's investigation and arrival at an intervention decision, *see* 31 U.S.C. § 3730(b); *see also United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006) (explaining that the False Claims Act "clearly contemplates that the complaint be unsealed once the government has decided whether to intervene"); *United States ex rel. Erickson v. Univ. of Wash. Physicians*, 339 F. Supp. 2d 1124, 1126

(W.D. Wash. 2004) ("The FCA clearly contemplates the lifting of the seal on the relator's complaint."), but the government's filings in this case prior to intervention were made to provide the Court with information about the government's investigation, for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended, and therefore should remain under seal in a manner consistent with the False Claims Act and the standard practice in other *qui tam* cases. See 31 U.S.C. § 3730(b)(3) (allowing "*in camera*" submissions in support of requests to extend the intervention deadline); *see also, e.g.*, Order, *United States ex rel. Adams v. Medoc Health Servs., LLC*, No. 3:17-CV-2977-M (N.D. Tex. July 16, 2019) (unsealing complaint and intervention notice, but not other filings, upon the government's intervention in a False Claims Act case).

Finally, the government notes that it intends to file its own complaint in this action, as authorized by the False Claims Act,[1] and requests 60 days to do so. The undersigned has informed defense counsel that the government is intervening in the case, and defense counsel has expressed a desire to continue engaging in discussions about the case during that interim period, and the government believes that allowing such talks to continue prior to the filing of a complaint may ultimately serve efficiency and the interests of justice by conserving the parties' and the Court's resources.

---

[1] *See* 31 U.S.C. § 3731(c) (stating that if the government elects to intervene in a False Claims Act case, it "may file its own complaint or amend the complaint of [the relator]").

Notice of Intervention – Page 2

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov

Attorneys for the United States

### Certificate of Conference

This is to certify that I have conferred with counsel for relator about the relief requested herein and it is unopposed.

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

### Certificate of Service

On October 18, 2024, I served a copy of this document on relator by mailing it relator's counsel of record addressed as follows:

Jessica Glitz
2925 Richmond Avenue
Suite 1700
Houston, TX 77098

Eric H. Jaso
SPIRO HARRISON & NELSON
363 Bloomfield Avenue
Suite 2C
Montclair, NJ 07042

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney